**UNITED STATES of America,
Plaintiff–Appellee,**

v.

Santiago      GONZALEZ–PENUELOS,
also known as Santiago Perez–Gonza-
lez, Defendant–Appellant.

No. 06–41652
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

May 2, 2007.

James Lee Turner, Assistant U.S. Attor-
ney, U.S. Attorney's Office Southern Dis-
trict of Texas, Houston, TX, for Plaintiff–
Appellee.

Marjorie A. Meyers, Federal Public De-
fender, Federal Public Defender's Office
Southern District of Texas, Houston, TX,
for Defendant–Appellant.

Before HIGGINBOTHAM, WIENER,
and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal
Case, Santiago Gonzalez–Penuelos (Gonza-
lez) preserves for further review his con-
tention that his sentence is unreasonable
because this court's post-*Booker*** rulings
have effectively reinstated the mandatory
Sentencing Guideline regime condemned in
*Booker*. Gonzalez concedes that his argu-
ment is foreclosed by *United States v.
Mares*, 402 F.3d 511 (5th Cir.), *cert. de-
nied*, 546 U.S. 828, 126 S.Ct. 43, 163
L.Ed.2d 76 (2005), and its progeny, which
have outlined this court's methodology for
reviewing sentences for reasonableness.
Gonzalez also raises arguments that are
foreclosed by *Almendarez–Torres v. Unit-
ed States*, 523 U.S. 224, 235, 118 S.Ct.
1219, 140 L.Ed.2d 350 (1998), which held
that 8 U.S.C. § 1326(b)(2) is a penalty
provision and not a separate criminal of-
fense. The Government's motion for sum-
mary affirmance is GRANTED, and the
judgment of the district court is AF-
FIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

** *United States v. Booker*, 543 U.S. 220, 125
S.Ct. 738, 160 L.Ed.2d 621 (2005).